J-S30006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM EUGENE REXROTH, | |
| Appellant | No. 1950 MDA 2016 |

Appeal from the PCRA Order October 20, 2016
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000190-2015

BEFORE:  SHOGAN, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 08, 2017**

Appellant, William Eugene Rexroth, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In addition, counsel for Appellant has filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We grant counsel's motion to withdraw and affirm the order of the PCRA court.

The PCRA court summarized the procedural history of this case, which involves a string of burglaries and thirty related charges, as follows:

> On July 9, 2015, Appellant appeared with counsel and entered pleas of guilty to Counts 1 through 13 and Count 29. Counts 1 [through] 7 were each burglary of overnight accommodations without anyone present, each a felony of the first degree[1].  Count 8 was conspiracy, as a felony of the first

degree[2]. Counts 9-13 were each burglary of a structure not adapted for overnight accommodations and without a person present, each a felony of the first degree[3]. Count 29 was person not to possess a firearm, as a felony of the second degree[4]. Pursuant to a negotiated plea, [on July 9, 2015,] Appellant was sentenced to no less than three (3) years nor more than ten (10) years in a State Correctional Institution on each of Counts 1 through 13 to run concurrently with each of those other counts but to run consecutively to the sentence on Count 29. On Count 29, Appellant was sentenced to no less than five (5) years nor more than ten (10) years in a State Correctional Institution. The aggregate sentence is eight (8) to twenty (20) years in a State Correctional Institution.

   [1] 18 Pa. C.S. § 3502(a)(2)[.]

   [2] 18 Pa. C.S. §903(a)(1)[.]

   [3] 18 Pa. C.S. § 3502(a)(4)[.]

   [4] 18 Pa. C.S. § 6105(a)(1)[.]

PCRA Court Opinion, 12/20/16, at 1-2.

Appellant did not file a direct appeal from his judgment of sentence. Appellant filed the instant PCRA petition on September 19, 2016. The PCRA court appointed counsel to represent Appellant and scheduled a hearing. On October 20, 2016, the PCRA court entered an order dismissing Appellant's PCRA petition as untimely filed. Appellant then filed a timely[1] *pro se* notice

---

[1] Even though Appellant's notice of appeal was not docketed until November 23, 2016, we will use the date of November 16, 2016, as the date of filing because, pursuant to the "prisoner-mailbox rule," Appellant is incarcerated and the accompanying envelope is postmarked November 16, 2016. *See Commonwealth v. Wilson*, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner-mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing).

J-S30006-17

of appeal.[2]  Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On March 3, 2017, PCRA counsel filed with this Court a motion to withdraw and a ***Turner/Finley*** letter.  In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel.  However, the letter erroneously stated that these rights were conditioned upon this Court granting counsel leave to withdraw.  Consequently, in an abundance of caution, on March 8, 2017, this Court issued an order directing that Appellant be permitted to file a response to counsel's ***Turner/Finley*** "no merit" letter, either *pro se* or via privately retained counsel, within thirty days of the date of that order.[3]  Appellant

---

[2] With regard to the fact that Appellant filed a notice of appeal *pro se* while he was represented by counsel, we note that Appellant is not entitled to hybrid representation.  ***See Commonwealth v. Ellis***, 626 A.2d 1137 (Pa. 1993) (disapproving of *pro se* filings by counseled appellants).  Indeed, our courts will not entertain *pro se* filings while an appellant remains represented, and such filings have been described as legal nullities.  ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010).  However, *pro se* notices of appeal present special circumstances.  In ***Commonwealth v. Cooper***, 27 A.3d 994 (Pa. 2011), our Supreme Court held that a *pro se* notice of appeal, filed while Cooper was represented by counsel, was not automatically a legal nullity, but was simply "premature."  *Id*. at 1007.  ***See also Commonwealth v. Wilson***, 67 A.3d 736, 738 (Pa. 2013) (explaining that "[Wilson] filed a *pro se* notice of appeal; it is not clear why his court-appointed counsel did not file the notice," and proceeding to review the merits of Wilson's case without further discussion).  Thus, we will not treat Appellant's *pro se* notice of appeal as a nullity.

[3] The complete text of our order follows:

*(Footnote Continued Next Page)*

- 3 -

filed a response with this Court on March 23, 2017. Appellant has not filed any additional documents with this Court.

Prior to addressing the merits of Appellant's claims on appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing his representation. *Commonwealth v. Daniels*, 947 A.2d 795, 797 (Pa. Super. 2008). This Court has listed the following conditions to be met by counsel in seeking to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [*Turner, supra* and *Finley, supra* and] ... must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*(Footnote Continued)* ——————————

> In light of the fact that Appellant's counsel, Thomas R. Nell, Esquire, has filed a "no merit" letter and requested to withdraw as counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), Appellant shall be permitted to file a response to counsel's *Turner/Finley* "no merit" letter, either *pro se* or via privately retained counsel, within 30 days of the date that this order is filed. Appellant's failure to file a *pro se* or counseled response may be considered as a waiver of his right to present his issues to this Court.

Order, 3/8/17, at 1. We believe that this order served to rectify the misrepresentative language contained in counsel's letter to Appellant. However, we alert counsel to be more diligent about such matters in the future; we will not hesitate to deny an attorney's request to withdraw from representation for failure to properly advise the litigant of his rights. *See Commonwealth v. Muzzy*, 141 A.3d 509 (Pa. Super. 2016) (denying counsel's request to withdraw for failing to fully and accurately comply with the requirements in post-conviction matter).

- 4 -

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * *

[W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of *Turner/Finley*, the court-trial court or this Court-must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted) (brackets in original).

In the present case, counsel complied with the requirements for withdrawal from a collateral appeal. In the motion filed with this Court, counsel alleged that he thoroughly reviewed the case, evaluated the issues, conducted an independent review of the record, and concluded there were no issues of merit. Counsel also listed the issues relevant to this appeal in his no-merit letter and explained why the appeal is without merit. In addition, counsel averred that he sent Appellant a copy of the motion to withdraw and the no-merit letter. Thus, we will allow counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal lack merit.

We have discerned the following issues, presented by PCRA counsel on behalf of Appellant in the *Turner/Finley* letter: (1) whether, pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), Appellant's mandatory

- 5 -

minimum sentences are illegal, and (2) Appellant's counsel improperly advised him to plead guilty in light of the fact that Appellant did not possess the firearms in question. ***Turner/Finley*** Letter, at 1-2. In addition, in his response filed with this Court on March 23, 2017, Appellant asserted that his mandatory minimum sentence is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), and that his PCRA petition should have been deemed to be timely filed. Appellant also alleges prior counsel was ineffective at sentencing, claiming the following: a conflict of interest because counsel served as a prosecutor in a previous case of Appellant's, not permitting Appellant to review a discovery packet, failing to explain the consequences of the plea agreement, and undue delay in filing a PCRA petition after sentencing. Response to Order, 3/23/17, at 1-2.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no

support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

We first address whether Appellant satisfied the timeliness requirements of the PCRA. A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed

_____

[4] The exceptions to the timeliness requirement are:

    (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

*(Footnote Continued Next Page)*

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant's judgment of sentence became final on August 10, 2015,[5] thirty days after the trial court imposed the judgment of sentence, and Appellant failed to file a direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, in order to be timely under the PCRA, Appellant was required to file the PCRA petition on or before August 10, 2016. Appellant did not file the PCRA petition until September 19, 2016. Accordingly, the instant PCRA petition is patently untimely.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[5] We note that a direct appeal had to be filed on or before Monday, August 10, 2015, because August 8, 2015, was a Saturday. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation). Pa.R.A.P. 107; Pa.R.A.P. 903, note.

As stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Here, to the extent Appellant attempts to invoke the newly discovered facts exception based upon the decisions in *Alleyne*, and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), Response to Counsel's No-Merit Letter, 3/23/17, at 1-2, we observe that Appellant essentially contends that his sentence is illegal based upon these decisions. In *Alleyne*, the United States Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. *Id*. at 2156.

In *Hopkins*, our Supreme Court held that under *Alleyne*, the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") was unconstitutional in its entirety because certain provisions of the statute did not adhere to the *Alleyne* holding and were not severable from the remaining portions of the statute. *Hopkins*, 117 A.3d at 262. However, Appellant's reliance upon *Alleyne* and *Hopkins*

as newly-discovered facts is without merit, as judicial decisions do not constitute newly-discovered facts for the purposes of section 9545(b)(1)(ii). ***Commonwealth v. Watts***, 23 A.3d 980, 986 (Pa. 2011).

Moreover, to the extent Appellant attempts to invoke the newly-recognized constitutional right exception under section 9545(b)(1)(iii), he filed the instant PCRA petition more than sixty days after both ***Alleyne*** and ***Hopkins*** were decided.[6] 42 Pa.C.S. § 9545(b)(2); ***see also Commonwealth v. Boyd***, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to a[ newly]-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision."). Indeed, both ***Alleyne*** and ***Hopkins*** predated Appellant's guilty plea and judgment of sentence.

Finally, to the extent Appellant contends that his sentence is illegal under ***Alleyne*** and ***Hopkins*** and asks that we invoke jurisdiction and grant him relief, we note that "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016) (citation and quotation marks omitted). It is well settled that "[a]lthough legality of sentence is always subject to review

---

[6] ***Alleyne*** was decided on June 17, 2013, and ***Hopkins*** was decided on June 15, 2015. Appellant filed the instant PCRA petition on September 19, 2016.

within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**." *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007) (citations omitted) (emphasis added). Therefore, Appellant's claims premised upon *Alleyne* and *Hopkins* fail.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the issues presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Furthermore, upon our independent review, no relief is due, and the PCRA court's determination is supported by the record and free of legal error. Also, having determined that Appellant is not entitled to PCRA relief, we allow counsel to withdraw under the precepts of *Turner/Finley*.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2017

- 11 -